IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NAOMI R. JOHNSON, § § Plaintiff, § § v. § § AT&T, INC., AT&T SERVICES, INC., § SBC INTERNET SERVICES, INC., § INTERNET SERVICES, INC. and § SBC COMMUNICATIONS, INC., § § Defendants. § | CASE NO. 4:06cv403 |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff has filed a Motion to Remand and Brief in Support (Dkt. 5). Having considered the motion and Defendant's response, this Court is of the opinion that Plaintiff's motion should be denied.

**Background**

Plaintiff is a former employee of AT&T or one of its predecessor or affiliated companies. Plaintiff originally filed suit against numerous AT&T defendants in state court in Denton County, Texas, alleging discrimination on the basis of race and age. In her state court petition, Plaintiff alleges violations of the Texas Labor Code and the Rules of the Texas Commission on Human Rights. Plaintiff also asserts, as a purported alternative cause of action, violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. Based on this alternative claim,

Defendant SBC Internet Services, Inc. removed the case to this Court on September 29, 2006.[1] Plaintiff now seeks to remand the case, claiming that there is no federal question involved.

### Standard

Removal of any civil action brought in state court is allowed if the federal district court would have had original jurisdiction over that action. *See* 28 U.S.C. § 1441(a). Original jurisdiction is found either in diversity or federal question cases. *See* 28 U.S.C. §§ 1331, 1332. In this case, SBC Internet removed on the grounds that Plaintiff's claim involved a federal question. Under federal question removals, a defendant may remove to the federal courts "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). A removing defendant bears the burden of demonstrating that a federal question exists. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995).

### Analysis

Removal in this case was proper because Plaintiff has relied, in part, on federal law in outlining her claims of age and race discrimination in her state court petition. The plaintiff is "the master of her complaint, and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (internal citations omitted). Thus, a plaintiff who has a choice between federal and state law claims may defeat a defendant's opportunity to remove

---

[1] SBC Internet was the only named defendant served at the time of removal.

by proceeding in state court "on the *exclusive* basis of state law." *Carpenter*, 44 F.3d at 366; *see also Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp.2d 715, 720 (E.D. Tex.2002).

Plaintiff here has not chosen to proceed on the exclusive basis of state law. While she claims that she is seeking relief under state law only, the plain language of her state court petition does not support this position. Plaintiff's petition asserts the following "alternative cause of action":

> Alternatively, if paragraph 4.1 is found to be not applicable for any reason or this suit was untimely filed, and only then Plaintiff alleges this alternative cause of action. This alternative cause of action is a proceeding for damages for Defendant's [sic] violation of her rights under Title VII of the Civil Rights Act of 1964.

Such a claim undoubtedly falls under federal law and invokes a federal question.

Furthermore, Plaintiff states in her petition that all conditions precedent to jurisdiction under Section 7, Title VII of the Civil Rights Act of 1964 have occurred or have been met.[2] Plaintiff also makes several other references to reliance on or recovery under federal law in her petition. *See* Plaintiff's Original Petition at Paragraph 1.5, Paragraph 4.1(A), and Paragraph 11.3. Thus, there is more than just a vague or indefinite reference to federal law. Plaintiff has relied on it, and remand is inappropriate. *Medina*, 238 F.3d at 680.

While Plaintiff is the master of her lawsuit, her use of an "alternative cause of action" under federal law is not regular practice. And, although Texas rules allow for the pleading of alternative claims for relief, there is no authority indicating that a plaintiff can plead an alternative claim under federal law but avoid federal subject matter jurisdiction. *See* TEX. R. CIV. P. 48. Moreover, Texas

---

[2]In an apparent attempt to retract the statement in her pleadings that all conditions precedent to jurisdiction under Title VII have occurred or have been met, Johnson's motion to remand asserts that all conditions precedent to jurisdiction under Section 7, Title VII *have not* been met. Such an allegation is in clear contradiction with unqualified statements in her petition. And this Court frowns upon any efforts by Plaintiff to mislead it otherwise.

law does not require plaintiffs to plead all possible causes of action from the outset and has liberal rules regarding amendment of petitions.  *See* TEX. R. CIV. P. 63-66.  Thus, Plaintiff could have reserved the pleading of any truly alternative claims for an amended pleading.  But — apparently in an effort to avoid any potential statute of limitations bar as to her federal claims — she did not.  She cannot seek the benefit of both avoiding limitations by pleading a claim and avoiding federal jurisdiction by characterizing such a claim as "alternative."  This Court agrees that her use of an alternative claim is simply an impermissible attempt to reserve all options in an effort to "play both ends against the middle."  Like it or not, she has brought a federal question into the fray.

In light of her petition, Plaintiff has no valid basis to seek remand of this case.

### Recommendation

Based on the foregoing, the Court recommends that Plaintiff's Motion to Remand be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of May, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE