
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NAOMI R. JOHNSON, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> AT&T, INC., AT&T SERVICES, INC., § <br> SBC INTERNET SERVICES, INC., § <br> INTERNET SERVICES, INC. and § <br> SBC COMMUNICATIONS, INC., § <br> § <br> Defendants. § | CASE NO. 4:06cv403 |

**REPORT AND RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant SBC Internet Services, Inc.'s Motion for Summary Judgment (Dkt. 17). Having reviewed the summary judgment evidence, the Court finds that the motion should be granted.

**BACKGROUND**

This is an employment discrimination suit. From 1985 until 2006, Plaintiff worked for AT&T or one of its predecessor or affiliated companies. She began her career as a service representative and eventually became a manager in the area of technical support. In 2006, Plaintiff was fired. Defendant AT&T claims that Plaintiff was fired because she asked a lower ranking employee to complete her company-required online training for her, in violation of the company's Code of Business Conduct. At the time of her termination, Plaintiff, who is African-American, was 51 years-old.

1

According to Defendant's evidence, Michael Giles, a lower ranking manager who worked in the same Plano facility where Plaintiff worked, reported to another manager that Plaintiff had harassed him and threatened his job and in September 2005 handed him a note and told him to complete some computer training for her. After some investigation, Plaintiff's user ID was found to have been used to complete two online courses from the IP address assigned to Giles's company computer. According to Defendant, the two courses completed from Giles's company computer using Plaintiff's user ID, "Code of Business Conduct" and "272 Compliance," are both mandatory courses that every employee is expected to complete on his or her own.

Johnson herself has acknowledged that it is "absolutely" important that the Code of Business Conduct and 272 Compliance materials be reviewed by employees on an annual basis and that failure to do so could lead to discipline, including termination. *See* Dkt. 17 at Ex. A, Deposition of Naomi Johnson, at 38-44. After additional investigation, including interviews of both Giles and Plaintiff, company officials determined that Plaintiff's actions had violated the company's Code of Business Conduct and warranted her dismissal. Plaintiff was then terminated from her employment with AT&T.

Plaintiff originally filed suit against numerous AT&T defendants in state court in Denton County, Texas, alleging discrimination on the basis of race and age. In her state court petition, Plaintiff alleges violations of the Texas Labor Code and the Rules of the Texas Commission on Human Rights. *See* Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. §§ 21.001-21.556 ("TCHRA"). Plaintiff also brings claims falling under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634

("ADEA"), and the Employee Retirement Income Security Act (ERISA).[1]

## STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 7 31 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the

---

[1]The Court notes that Plaintiff is *pro se*, therefore, her pleadings are not wholly clear as to the causes of action she asserts. However, the Court agrees with Defendant that, in light of the facts she alleges, these are the applicable statutory provisions of redress.

pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### SUMMARY JUDGMENT ANALYSIS

Defendant argues that Plaintiff's discrimination claims should be dismissed as a matter of law because she has offered no proof that her discharge was the result of her age, race, or retirement benefits. Defendant argues that Plaintiff was terminated for a legitimate, non-discriminatory reason, and Plaintiff has failed to meet her burden of demonstrating pretext.

A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir.2001). Because Plaintiff presents no direct evidence of discrimination here, her claim is analyzed using the framework initially set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), and later modified and refined by subsequent precedent. *Id; Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *Id.*; *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th

Cir. 2006). Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted).

**Age Discrimination Claims**

Plaintiff has alleged that she was fired because of her age. Under the ADEA, "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In applying the modified *McDonnell Douglas* analysis to Plaintiff's ADEA claim, the Court must first determine whether Plaintiff has made a *prima facie* case of age discrimination. To show a *prima facie* case of age discrimination under

ADEA, a discharged employee must show by a preponderance of the evidence that she: (1) was discharged; (2) was qualified for or competently performing in the position held; (3) was within the protected class at the time of the discharge (e.g. over 40 years of age); and (4) was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age. *Baker v. American Airlines, Inc.,* 430 F.3d 750, 753 (5th Cir. 2005); *Rachid,* 376 F.3d at 309 (citing *Palasota v. Haggar Clothing Co.,* 342 F.3d 569, 576 (5th Cir. 2003)). More than a conclusory allegation of age discrimination is required to establish a *prima facie* case. *Meinecke v. H&R Block of Houston*, 66 F. 3d 77, 83 (5th Cir. 1995).

Here, the Court agrees that Plaintiff has failed to establish a *prima facie* case of age discrimination because there is no evidence or allegation to support the final element — that she was replaced by someone younger or otherwise discharged because of age. Although Plaintiff testified that she felt that others perceived her as out of touch and rigid because of her age, she admitted that no one ever told her this. Further, she testified that she does not know whether she was replaced or if her replacement was younger than she.

Although Plaintiff's allegations and suspicions of age discrimination do not pass must under the modified *McDonnell Douglas* test, the Court notes that Plaintiff, who is *pro se*, has failed to file a response to Defendant's summary judgment. Although the burden ultimately rests on Plaintiff, the Court would be hesitant to grant summary judgment based on Plaintiff's failure to respond alone.

Nonetheless, the Court finds that, even if Plaintiff were able to make a *prima facie* showing of age discrimination, her ADEA claims do not survive the remaining hurdles of the modified *McDonnell Douglas* analysis. Defendant has offered evidence of legitimate, non-discriminatory reasons for terminating her employment — that she violated the company's Code of Business

Conduct.  In the face of these non-discriminatory reasons (and the evidence supporting it), Plaintiff is required to offer evidence of intentional discrimination to show that the reasons offered by Defendant are merely pretextual.

There is no evidence of pretext before the Court.  Quite the contrary, although it is not Defendant's burden, Defendant has offered evidence to show that Plaintiff violated the Code of Business Conduct, that this violation was severe, and that Plaintiff testified that she knew that termination was a possible consequence of such a violation.  Therefore, her age discrimination claims fail.

**Race Discrimination**

In addition to age discrimination, Plaintiff has alleged race discrimination falling under Title VII.  Title VII proscribes an employer from discharging or otherwise discriminating against any individual because of that individual's race.  42 U.S.C. § 2000e-2(a)(1).  A Title VII inquiry is focused on whether the defendant intentionally discriminated against the plaintiff. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

The modified *McDonnell Douglas* test is also used when analyzing claims for race discrimination under Title VII.  In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was replaced by a person not in the protected group.  *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed.2d 407 (1993).

As with her age discrimination claims, Plaintiff has failed to make a *prima facie* showing of race discrimination.  In particular, there is no evidence (or allegation) before the Court that Plaintiff

was replaced by a person not in a protected class. Further, as noted above, even if Plaintiff had made a sufficient *prima facie* showing of discrimination, Defendant here has offered evidence that Plaintiff violated the company's Code of Business Conduct as a legitimate, non-discriminatory reason for terminating her employment, and Plaintiff has not offered any evidence of discrimination or pretext to rebut that. Defendant is therefore entitled to summary judgment on Plaintiff's race discrimination claims.

**ERISA**

Plaintiff has also alleged that she was fired so that Defendant could avoid paying her benefits upon her retirement in approximately five years. Although she does not specifically state the statute implicated, the Court agrees with Defendant that Plaintiff's claims regarding her retirement benefits fall under ERISA.

"To establish a *prima facie* case of discrimination under ERISA, a plaintiff must establish that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan." *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 260 (5th Cir. 2001). Once the plaintiff makes a *prima facie* showing, the court will continue to the next step of the *McDonnell Douglas* burden-shifting framework, requiring the defendant to articulate a nondiscriminatory reason for the adverse employment action. *Id.*

As with her other claims, Plaintiff has failed to make a *prima facie* showing of ERISA violations. Plaintiff was required to show that the loss of benefits was more than an incidental loss from her discharge. *Id.* Plaintiff has not offered any evidence that Defendant terminated her employment in order to deny her employment benefits. She merely testifies that she would have

been eligible for retirement benefits in five years. This is simply not enough to show that she was fired so that she would not get retirement benefits. And, again, even if she had been able to make such a *prima facie* showing, Plaintiff still has not offered any evidence to show that Defendant's nondiscriminatory reason for her termination was pretextual.

**State Law**

Plaintiff's state court petition also makes claims of discrimination falling under state law, and these claims fail for the same reasons her federal law claims do. Section 21.125 of the Texas Commission on Human Rights Act requires an employment-discrimination plaintiff to show that discrimination was a motivating factor in an adverse employment decision. *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001). As fully explored above, Plaintiff has not shown that her age or race were motivating factors in her termination. Therefore, her state law discrimination claims also fail.

Because all of Plaintiff's claims here arising out of her termination from AT&T fail, Defendant's motion for summary judgment should be granted in its entirety.

**Recommendation**

Based on the foregoing, the Court recommends that Defendant's Motion for Summary Judgment (Dkt. 17) be GRANTED and that Plaintiff's case be dismissed with prejudice.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the

district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of October, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE